E. J. SANDERS v. W. H. YOUNG, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—334.]

**Liability on Surety on Constable's Bond.**

Where a surety admits the execution of an official bond for a constable, and the mere omission of an initial or the insertion of the letter "M" as the middle name, when it should have been the letter "H", does not invalidate the bond.

APPEAL FROM BARREN CIRCUIT COURT.

October 19, 1880.

OPINION BY JUDGE PRYOR:

The answer filed by the defendants presents no defense to the action. It is not denied that the defendants executed the bond as the sureties of Young, the constable; but on the contrary it is virtually admitted. It is not pretended that J. H. Payne, the surety defending, did not execute the paper; but the clerk having recited in his order that the constable had qualified with Seth Kinchelve and James M. Payne, his sureties, the defense is that the record failed to show that Seth Kinchelve and J. H. Payne were accepted as the sureties. That J. H. Payne is the party described as J. M. Payne there can be no doubt, and the question as to whether the defendant, Payne, was the real party signing the bond should have been submitted to the jury, if any such submission was necessary to fix his liability. It was not necessary to allege either fraud or mistake, when there is no denial that the defendants are the persons signing the bond as sureties, and the mere omission of an initial, or the insertion of the letter "M" as the middle name, when it should have been the letter "H", does not invalidate the bond.

Judgment *reversed* and cause remanded for further proceedings.

*Lewis & Porter, for appellant.*

*L. McQuown, William Dickinson, for appellees.*